O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TODD GIBSON, | ) | Case No. 21-cv-8450-DDP-JPR |
| | ) | |
| Petitioner, | ) | **ORDER RE: PETITIONER'S** |
| | ) | **MOTION TO CONFIRM FINAL** |
| v. | ) | **ARBITRATION AWARD AND FOR** |
| | ) | **FURTHER ATTORNEYS' FEES AND** |
| NABORS COMPLETION & | ) | **COSTS** |
| PRODUCTION SERVICES CO., n/k/a | ) | |
| C&J WELL SERVICES, INC., a Delaware | ) | |
| corporation | ) | |
| | ) | [Dkt. 15] |
| Respondent. | ) | |
| | ) | |

Presently before the court is Petitioner Todd Gibson's ("Gibson") Petition to Confirm Final Arbitration Award and for Further Attorneys' Fees and Costs, and to Enter Judgment Against Respondent Nabors Completion Production Services Co. ("Nabors"). (Dkt. 15.) Having considered the parties' submissions, the court adopts the following Order.

///

## I. BACKGROUND

Gibson performed oil plug and abandonment work for Nabors in the Port of Long Beach, as part of a larger project to replace the Gerald Desmond Bridge. (See generally Dkt. 15-10.) On April 2, 2015, former Nabors employees who performed similar work on the project, filed a putative class action in state court against Nabors for violations under the California Labor Code, on behalf of themselves and similarly situated employees, including Gibson. (Dkt. 16-1, Costello Decl. ¶ 3.) On May 7, 2015, Nabors removed the action to this Court, and thereafter filed a motion to compel arbitration pursuant to the parties' arbitration agreement. (Id. ¶¶ 3-4.) On October 13, 2015, this Court denied the motion to compel arbitration. (Id.) Nabors appealed to the Ninth Circuit. (Id.) On February 13, 2018, the Ninth Circuit reversed and remanded the court's denial of the motion to compel arbitration. (Id.)

On March 30, 2018, Gibson submitted a Demand for Arbitration to JAMS, asserting the following wage-and-hour violations: (1) failure to pay prevailing wages (Cal. Lab. Code §§ 1194, 1771, 1772, 1774 *et seq.*); (2) waiting time penalties (Cal. Lab. Code § 203); (3) failure to provide inaccurate itemized wage statements (Cal. Lab. Code § 226(a)); and (4) unfair competition (Cal. Bus. & Prof. Code § 17200). (Dkt. 15-5, Donahoo Decl. ¶ 13, Ex. C.) Thereafter, Honorable Rosalyn M. Chapman (Ret.) was appointed as arbitrator ("Arbitrator"). (Id. ¶ 19, Ex. F.)

On January 11, 2021, Gibson filed a motion for summary adjudication pursuant to JAMS Employment Rule 18. (Id. ¶ 20; Ex. G.) On March 16, 2021, the Arbitrator granted Gibson's motion, ruling on the issues of Nabors' liability. (Id. ¶ 21.) On June 1, 2021, the matter proceeded to a virtual arbitration hearing on the issue of Nabors' damages. (Id. ¶ 23.) On August 13, 2021, the Arbitrator ruled on the damages issue and issued an Interim Arbitration Award. (See id. ¶ 23, Ex. H.) Through the Interim Arbitration

2

Award, the Arbitrator awarded Gibson $88,608 in unpaid wages, $68,678 in statutory interest thru May 31, 2021, and continuing at $24.28 per day, $23,582.94 in statutory penalties under California Labor Code Section 203(a), and $3,450 in penalties for wage statement violations under California Labor Code Section 226(e).

On October 22, 2021, the Arbitrator issued a Final Arbitration Award, incorporating its previous findings from the Interim Arbitration Award, and awarding Gibson $320,342.76 in attorneys' fees and $5,246.50 in costs. (Id. ¶ 24; see Dkt. 15-11, Ex. I.)[1]

Gibson now moves to confirm the Final Arbitration Award and seeks $13,562.50 in post-award attorneys' fees and $400 in costs for filing of the initial complaint in this confirmation action. (Id. ¶¶ 38, 45.)

**II. LEGAL STANDARD**

### A. Confirmation of Arbitration Award

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008). The grounds for vacating an arbitration award are "limited" and "exclusive." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." Id.

---

[1] The Arbitrator also awarded a multiplier of 1.5 to the lodestar based on the "contingent fee nature of the action," "Nabors' ongoing bankruptcy litigation which may adversely affect Gibson's recovery (including fees)," and "the significant and excellent results obtained for Gibson." (Dkt. 15-11, Ex. I at 30.)

3

As relevant here, Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10. Arbitrators "exceed their powers" "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." Id. at 997 (internal quotations omitted) (citations omitted). "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir. 2012) (quoting Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010)).

### B. Attorneys' Fees and Costs

An employee who prevails in a civil action pursuant to California Labor Code Sections 1194(a) and 226(e) is entitled to recover an award of reasonable attorneys' fees and costs. See Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover . . . reasonable attorney's fees, and costs of suit."); Cal. Lab. Code § 226(e) ("An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [Section 226(a)] . . . is entitled to an award of costs and reasonable attorney's fees.")

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Although the fee applicant bears the burden of establishing entitlement to an award and documentation of the appropriate hours expended and hourly rates, a prevailing party "is not required to record in great detail how each minute of his time was expended." Id. at 437 n. 12. The

prevailing party seeking attorneys' fees need only "identify the general subject matter of his time expenditures" to meet its burden of establishing its fee request is reasonable. Id. This limited obligation reflects the broader policy that a "request for attorney's fees should not result in a second major litigation." Id. at 437.

**III. DISCUSSION**

**A. Confirmation of Arbitration Award**

Nabors contends that the Arbitrator exhibited a manifest disregard of the law through several alleged errors on the issues of liability, damages, and attorneys' fees and costs. (Opp. at 1-2.) Specifically, Nabors argues that the Arbitrator erred in the following:

> (1) rejecting, and giving no deference to, the Labor Commissioner's decision that the [Port of Long Beach] Project was "not within the jurisdiction of California Public Work Law" and therefore exempt from prevailing wage requirements; (2) awarding [Gibson] prevailing wages even though there are no prevailing wage rates—or applicable classifications—established by the Department of Industrial Relations ("DIR") for oil well plug and abandonment work; (3) finding that there was no competent evidence that [Gibson's] role on the [Port of Long Beach] Project included laborer-related work subject to lower prevailing wage rates than that of an "Operating Engineer" (an alternative argument proffered by [Nabors]); (4) awarding [Gibson] waiting time penalties under Labor Code § 203; and (5) awarding a fee multiplier.

(Id.) Notably, Nabors fails to identify any instances in the record where the Arbitrator "recognized the applicable law and then ignored it." See Biller, 668 F.3d at 665. The alleged errors are based on misinterpretation or misapplication of the law—such legal errors are insufficient to vacate an Arbitration Award. "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration

5

assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4)." Kyocera, 341 F.3d at 1003. Finding no manifest disregard of the law exhibited in the Arbitration Award, the court declines to vacate the Arbitration Award.

The court therefore grants Gibson's Petition to confirm the Arbitration Award.

### B. Attorneys' Fees and Costs

As the prevailing party in this action, Gibson is entitled to reasonable attorneys' fees and costs, including fees incurred in connection with the confirmation action. See Cal. Lab. Code §§ 1194(a), 226(e).[2] Thus, the only issue before the court is whether the requested fees and costs are reasonable.

Gibson seeks $13,562.50 in attorneys' fees. The court finds, and Nabors does not dispute, that the rates set forth by Gibson's counsel are within the range of reasonable rates for attorneys in the local community, taking into consideration the "experience, skill, and reputation of the attorney." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 908 (9th Cir. 1995). Specifically, the court finds that the following rates are reasonable:

- Richard E. Donahoo, Attorney; $687-700/hour
- R. Chase Donahoo, Attorney: $425/hour

---

[2] Nabors contends, as it did in the related confirmation actions, see Ridgeway v. Nabors Completion & Production Servs. Co., No. 15-cv-3436-DDP-JPR, 2021 WL 2646902, at *3 (C.D. Cal. June 25, 2021), Ridgeway v. Nabors Completion & Production Servs. Co., No. 15-cv-3436-DDP-JPR, 2021 WL 3184226, at *3 (C.D. Cal. June 25, 2021), Ronquillo v. Nabors Completion & Production Servs. Co., No. 21-cv-5535-DDP-JPR, 2022 WL 370958, at *1-2 (C.D. Cal. Nov. 22, 2021), and Gutierrez v. Nabors Completion & Production Servs. Co., 21-cv-8435-DDP-JPR, 2022 WL 671547, at *3 n. 1 (C.D. Cal. Mar. 7, 2022), that Gibson is not entitled to post-award fees. (Opp. at 11-12.) The court stands by its previous analysis and rulings in the above-referenced matters regarding post-award fees. Accordingly, the issue of post-award fees is properly before this Court.

6

Moreover, Gibson's counsel has submitted detailed billing records of work performed and an accompanying declaration. (Dkt. 15-2, Donahoo Decl.; id. ¶ 38, Ex. J.) Mr. Donahoo's motion and declaration indicates that Gibson's counsel billed a total of 24.6 hours in relation to the preparation of the motion to confirm the arbitration award. (Mot. at 17; Donahoo Decl. ¶ 38.) Of these hours, Gibson claims that 12.9 hours are attributable to R. Chase Donahoo, 8.7 hours are attributable to Richard Donahoo, and 3 hours are attributable to time Richard Donahoo anticipated he would spend preparing the reply and attending the hearing. (Mot. at 17; Donahoo Decl. ¶¶ 38, 43-44.) The court has adjusted these hours for reasonableness. Specifically, the court has subtracted .9 hours from the amount of time billed by R. Chase Donahoo in connection with the preparation of the confirmation motion. The court has deducted 1.7 hours from the amount of time billed by Richard Donahoo to reflect the reduced amount of time reasonably required to revise or supplement the moving papers. Moreover, given that the court decided to take this matter under submission without a hearing, the court has subtracted 1.5 hours from the amount of time Richard Donahoo anticipated billing for preparing for and attending the hearing.

Applying the approved rates to the adjusted hours, the court finds that the lodestar method yields the following result:

| Attorney | Reasonable Rate | Hours | Lodestar |
|---|---|---|---|
| Richard E. Donahoo | $687 | 7.0 | $4,809 |
| Richard E. Donahoo | $700 | 1.5 | $1,050 |
| R. Chase Donahoo | $425 | 12 | $5,100 |
| Total | | | $10,959 |

With these adjustments, the court finds that the chart above reflects the reasonable number of hours expended by counsel in relation to the confirmation action and request

7

for post-award fees. Thus, Gibson is entitled to $10,959 in fees and $400 for the cost of filing the complaint.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Gibson's Petition to Confirm the Arbitration Award. The Final JAMS Arbitration Award issued by Arbitrator Hon. Rosalyn M. chapman (Ret.) on October 22, 2021, in the Arbitration JAMS Case No. 1220059000, is confirmed. This Court shall enter judgment in favor of Todd Gibson and against Nabors in the amount of $88,608 in unpaid wages, $68,678 in statutory interest through May 31, 2021, and continuing at $24.28 per day, $23,582.94 in statutory penalties under California Labor Code Section 203(a), $3,450 in penalties for wage statement violations under California Labor Code Section 226(e), $320,342.76 in attorneys' fees and $5,246.50 in costs as awarded by the Arbitrator.

The court further GRANTS Gibson's request for post-award attorneys' fees in the amount of $10,959 and for costs in the amount of $400.

**IT IS SO ORDERED.**

Dated: April 11, 2022

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

8